Matter of FREDERICK HABERMAN, an Incompetent Person.

(Supreme Court, New York Special Term, December, 1921.)

Banks and banking — incompetent persons — trustees — savings bank account — ownerhip of fund in trust cannot be summarily determined by motion — bank book not produced.

> Where a savings bank account stands in the name of " Rosie Haberman in Trust for Frederick Haberman," an incompetent, the court, on motion of his committee for an order directing the bank to pay over money to the credit of said account and claimed to belong to the incompetent, is without power to summarily determine that the money deposit was the property of the incompetent before deposit made by Rosie Haberman, his stepmother, that her act in depositing in trust was the act of a trustee or that the deposit " in trust for " entitles the incompetent to the fund.

MOTION for order directing payment of deposit.

Ira Maier, for petitioner.

Edward S. Clinch, for Harlem Savings Bank.

BURR, J. By this motion the committee seeks an order directing the Harlem Savings Bank to pay over certain money on deposit which it is claimed belongs to the incompetent person. The moving affidavit alleges that among the assets of the incompetent is a bank account in the Harlem Savings Bank upon which there is a balance to the credit of the incompetent in the sum of $582.74; that said account stands in the name of " Rosie Haberman in Trust for Frederick Haberman." Frederick Haberman is the incompetent person. Rosie Haberman is the stepmother of the incompetent. It is asserted that the stepmother of

the incompetent herein recovered and collected the proceeds of a certain insurance policy upon the death of her husband, the father of the incompetent, and that the deposit in the savings bank represents the proceeds of such insurance policy belonging to the incompetent. That said deposit was made some seventeen years ago. The bankbook so far as the record shows is not in the possession of the committee nor is it shown that the bankbook was at any time delivered to the incompetent person either before or after the inquisition in lunacy. There are thus presented two propositions by this application of the committee. (1) That the money deposit was the property of the incompetent before deposit made by his stepmother, and her act in depositing in trust was the act of a trustee. (2) That the deposit " in trust for " entitles the incompetent to the fund. The savings bank opposes the application, and rightfully so. The relation between the bank and depositor is that of debtor and creditor. The bank is required under the Banking Law to exercise care to protect the funds of a depositor. The court will not on this application summarily determine whether or not the fund in question was in fact the money of the incompetent nor will it determine summarily whether or not the depositor has revoked the trust. The relation of debtor and creditor is between the bank and Rosie Haberman and in the payment of moneys in said bank the bylaws are part of the contract and the bankbook must be produced to entitle the depositor to such funds. In case of loss of the bankbook a remedy is provided for in the bylaws. In *Matter of Totten,* 179 N. Y. 112, it was held that "A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative

trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor." See, also, *Matter of Perlman*, N. Y. L. J. Feb. 10, 1915, and *Ashley* v. *Excelsior Savings Bank*, Id. July 20, 1914. The court is without power summarily to determine either of the questions here presented. The committee would seem to have ample power to commence an appropriate action to recover the money in question, if he be so advised, but in that event the parties interested, to wit, the stepmother and the savings bank must be brought before the court and their respective rights passed upon in such an action. The motion must, therefore, be denied.

Motion denied.